UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
-----------------------------------------------------------X
RAFAEL RODRIGUEZ,

                Plaintiff,      **COMPLAINT AND JURY DEMAND**

    -against-

BERKS COUNTY; PRIMECARE MEDICAL,
INC.; Correctional Officers JOHN and JANE
DOE ONE through TEN in their individual and
Official capacities as employees of the
Berks County Jail, HEALTH CARE PROVIDER
JOHN and JANE DOE ELEVEN through FIFTEEN
in their individual and official capacities as
employees of the PrimeCare Medical, Inc.;

                Defendants.
-----------------------------------------------------------X

The Plaintiff, RAFAEL RODRIGUEZ, by his attorneys, David P. Thiruselvam, Esq. and Amy Rameau, Esq., alleges the following, upon information and belief for this Complaint:

### INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §1983, state, and the common law of the State of Pennsylvania brought by plaintiff, who was denied appropriate and necessary medical care for serious medical needs by the defendants during his commitment to the Berks County Jail System.

2. Mr. Rodriguez was an inmate at the Berks County Jail.

3. On April 13, 2015, plaintiff began experiencing abdominal discomfort and complained. Plaintiff was not provided with medical attention. By April 15, 2015, Plaintiff was in severe pain and complained. The PrimeCare Medical, Inc. ("PCM") nurse was called to Plaintiff's cell, but Plaintiff was not provided any medical care or attention.

4. By April 16, 2015, plaintiff had developed a fever and was in excruciating pain. The same PCM, nurse gave plaintiff some pain pills and told plaintiff to return to his cell.

5. On April 17, 2015, the pain intensified. Plaintiff begged a number of correctional officers to be sent to a local hospital. The same nurse came into plaintiff's cell, denied him medical attention and told Mr. Rodriguez that he needed to wait until Monday to see whether he could be sent to a hospital.

6. Between April 17, 2015 and April 19, 2015, plaintiff begged every correctional officer and staff he saw at the jail for help while in excruciating pain. Plaintiff was again denied medical attention.

7. On April 20, 2015, plaintiff again begged a doctor present at the facility for help. Finally, that physician sent Plaintiff to a hospital

8. Plaintiff remained in the hospital for five days and was discharged on April 24, 2015 after surgery and sent back to the Beck's County jail.

9. Once back to the Berks County Jail, physicians and correctional officers failed to adequately provide plaintiff with his medication as prescribed by hospital staff.

10. As a result, on April 27, 2015, plaintiff developed a high fever, his pain intensified and he had to be again rushed to the hospital where he underwent an additional surgery.

11. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

12. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

13. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of Pennsylvania.

## PARTIES

14. Plaintiff RAFAEL RODRIGUEZ ("plaintiff" or "Mr. Rodriguez") is a resident of Berks County in the State of Pennsylvania and of proper age to commence this lawsuit.

15. Defendant COUNTY OF BERKS is a municipal governmental entity in Pennsylvania. It operates the Berks County Jail, a department or Agency of Defendant County of Berks responsible for the appointment, training, supervision, promotion and discipline of correctional and supervisory officers, including the individually named defendants herein.

16. Defendant PrimeCare Medical, Inc. is a corporation retained by the County of Berks to provide medical care at the Berks County Jail.

17. At all times relevant defendant correctional OFFICERS JOHN and JANE DOE ONE through TEN and Health Care Professionals JOHN and JANE DOE ELEVEN through FIFTEEN were correctional officers or physicians, employed by the Berks County Jail or PrimeCare Medical, Inc. Plaintiff does not know the real names and shield numbers of defendants JOHN and JANE DOE ONE through FIFTEEN.

18. At all times relevant herein, defendants JOHN and JANE DOE ONE through Fifteen were acting as agents, servants and employees of defendant County of Berks, PrimeCare Medical, Inc.

4

and Berks County Jail. Defendants JOHN and JANE DOE ONE through FIFTEEN are sued in their individual and official capacities.

19. Defendant JOHN and JANE DOE ONE through FIFTEEN, at all relevant times herein, either directly participated or failed to intervene in the violation of Plaintiff's rights.

20. At all times relevant herein, all individual defendants were acting under color of state law.

21. The County of Berks is, and was at all material times, a municipal governmental entity duly organized and existing pursuant to the laws, statutes and charters of the State of Pennsylvania. The County operates the Berks County Jail, a department or agency of defendant County responsible for the appointment, training, supervision, promotion and discipline of correctional officers and health care providers, including the individually named defendants herein.

22. The County was at all material times the public employer of defendant officers named herein.

23. The County is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

**FACTUAL ALLEGATIONS**

24. Plaintiff was an inmate at the Berks County Jail.

25. On or about April 13, 2015, plaintiff was awakened with serious discomfort in the abdominal area. By April 14, 2015, the pain intensified and plaintiff sought immediate medical assistance. However, the correctional officer and nurse who responded failed to secure adequate medical attention or care for Plaintiff. Defendant nurse gave plaintiff tums and ordered him to return to his cell.

26. A day later, on April 15, 2015, Mr. Rodriguez complained that the pain had intensified and now occurring in both his abdominal area and testicles. Once again, no further medical care was provided and plaintiff was informed only that he could get care at a later time.

27. Notwithstanding the severe symptoms suffered by Plaintiff during the night, and his specific request for immediate medical care, no medical personnel checked in on plaintiff throughout the night of April 15, 2015.

28. In the morning hours of April 16, 2015, plaintiff became acutely ill and had developed a fever in addition to painful condition. The nurse gave plaintiff pain pills and sent Plaintiff back to his cell. When plaintiff begged to be taken to the hospital, that same nurse denied Plaintiff's request.

29. On April 17, 2015, plaintiff was in excruciating pain and could barely move. Plaintiff explained to correctional officers and nurse that he felt as though he were being stabbed and begged to be

6

taken to the hospital. The same nurse told plaintiff that plaintiff had to wait until Monday April 20, 2015 for hospital care. At that point plaintiff was in excruciating pain.

30. On April 20, 2015, plaintiff told a physician that he felt as though he were being stabbed repeatedly in the testicles and begged once more for medical attention. Finally, plaintiff was transferred to a local hospital.

31. The injuries sustained by plaintiff were the direct result of the failure of the defendants to provide proper and necessary medical care in circumstances where immediate medical attention and care was necessary to prevent the worsening of a serous medical condition that was known to the defendants.

32. The direct and proximate cause of plaintiff's pain and suffering was the defendants' failure, with deliberate indifference, to adopt and implement procedures and policies necessary to ensure that inmates at the jail with serous medical conditions, including plaintiff are provided necessary and emergency medical care.

33. Defendants Berks County and PrimeCare Medical, Inc. failed to properly train and supervise their agents and employees to recognize emergency medical situations requiring immediate medical attention, to secure immediate medical care for persons with emergency medical conditions, and to establish a medical referral

system that would ensure the delivery of immediate medical care to an inmate with an emergency medical condition.

34. Upon information and belief, the contract between defendants Berks County and PCM for the provision of medical services provided for a fixed annual payment to PCM for the provision of medical services to inmates and PCM was responsible to cover costs for outside medical services, including hospitalization for serious illnesses, diagnostic tests, and treatment.

35. The failure of the defendants to provide proper and necessary medical care to Plaintiff was directly caused by policies, practices, and customs at the jail that were implemented, enforced, ratified, or known to the defendants, including:

a) Failure to ensure that a proper system for medical assistance request was in operation;

b) Ignoring or not properly responding to requests for medical assistance from inmates with serious medical conditions;

c) Failing to provide adequate and sufficient medical and nursing staffing to ensure that inmates with serious medical needs are provided necessary medical care;

d) Failing to properly train, supervise and discipline medical and correctional staff with respect to their obligations to ensure that inmates with serious medical conditions received timely and proper medical care;

8

e) Failing to correct known deficiencies in the medical delivery system at the jail that were likely to cause injury to inmates;

f) Entering into a contract that had strong financial disincentives for PCM to deny diagnostic testing and hospitalization for seriously ill inmates.

## FIRST CLAIM
## PLAINTIFF vs. ALL DEFENDANTS

### 42 U.S.C. § 1983- Violation of Eighth and Fourteenth Amendments; Cruel and Unusual Punishment and Due Process Violations

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Defendants, by their conduct toward plaintiff alleged herein, failed, with deliberate indifference, to (a) establish procedures necessary to provide necessary and proper medical care to inmates at the Berks County Jail, and (b) provide necessary and proper medical care to plaintiff, thereby causing the violation to his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

38. As a direct and proximate result of defendants' actions, omissions, policies, practices and customs, all committed or adopted with deliberate indifference, plaintiff was denied necessary treatment for his serious and life threatening condition, thus causing a deterioration of his condition, all in violation of his right to be free from cruel and unusual punishment and to due process of law.

39. As a result of the actions and omissions of the defendants, plaintiff suffered extreme physical and emotional pain and suffering.

## SECOND CLAIM
## PLAINTIFF vs. PRIMECARE MEDICAL, INC.. Healthcare Provider JOHN and JANE DOE ELEVEN through FIFTEEN

### Supplemental State Law Claims- Professional Negligence

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Defendants PrimeCare Medical, Inc., Doctor John and Jane Doe ELEVEN through FIFTEEN (referred to as "medical defendants"), are licensed medical professionals in Pennsylvania and each of these defendants had the duty to exercise reasonable skill and diligence in their professional acts, including proper provision and supervision of medical and nursing care at that jail. Plaintiff asserts a professional liability claim against the medical defendants.

42. At all relevant times, the medical defendants held themselves out as skilled, careful and diligent employees, servants and/or agents, and they had a duty to exercise that degree of care and skill in the medical treatment of plaintiff in accordance with generally accepted medical and nursing standards.

43. The medical defendants breached their duties by failing to exercise reasonable skill, diligence and care ordinarily exercised by members of the medical and nursing professions.

44. The medical defendants were negligent or acted willfully in the following particular respects, all of which were below the applicable standard of care:

> a) Failing to properly recognize plaintiff's need for medical care;
>
> b) Failing to properly diagnose plaintiff's medical condition;
>
> c) Failing to timely refer plaintiff to a physician for evaluation and treatment;
>
> d) Failing to timely consult with other specialist;
>
> e) Failing to properly monitor plaintiff's condition after becoming aware of this serious illness;
>
> f) Failing to understand the significance of plaintiff's observable and reported symptoms;
>
> g) Failing to establish and maintain a system that provided inmates with adequate access to medical care at the prison;

**THIRD CLAIM**
**Failure To Intervene**

11

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED: March 1, 2016
Brooklyn, New York

*(signature)*
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*(signature)*
David P. Thiruselvam, Esq.
121 S. Broad Street
8th Floor
Philadelphia, PA 19107
davidthiruselvam@yahoo.com

*Attorneys for Plaintiff*

TO: All Defendants