IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL RODRIGUEZ, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-1033 |
| | : | |
| v. | : | |
| | : | |
| BERKS COUNTY, PRIMECARE MEDICAL, INC., WARDEN JANINE QUIGLEY, LT. JEFFREY DOUGLAS, CORRECTIONAL OFFICER CHRISTOPHER VOLLMER, Correctional Officers JOHN and JANE DOE ONE through TEN in their individual and official capacities as employees of Berks County, SUSAN ROBERTS, LPN, ALLISON YOUNG, RN, PAULA DILLMAN-MCGOWAN, CRNP, TRACEE REEVES, LPN, SUSAN MECHLING, LPN, SARAH HARDY, RN, ELIZABETH GARCIA, LPN, KELLY SCOTT, RN, JESSIE KIRSCH, PAC, HEALTH CARE PROVIDER JOHN and JANE DOE ELEVEN through FIFTEEN in their individual and official capacities as employees of the PrimeCare Medical, Inc., | : : : : : : : : : : : : : : : : | |
| | : | |
| Defendants. | : | |

## **ORDER**

**AND NOW**, this 9th day of March, 2017, after considering the defendants' motions for summary judgment (Doc. Nos. 50 & 52), the plaintiff's responses to the motions (Doc. Nos. 60 & 64), and the various documents attached to the aforementioned filings, it is hereby **ORDERED** as follows:

1.     The motion for summary judgment of the defendants, PrimeCare Medical, Inc., Susan Roberts, Allison Young, Paula Dillman-McGowan, Tracee Reeves, Sarah Hardy, Elizabeth Garcia, Kelly Scott, and Jessie Kirsch (Doc. No. 50), is **DENIED**;[1]

2.     The motion for summary judgment of the defendants, Berks County, Janine Quigley, Jeffrey Douglas, and Christophor Vollmer (Doc. No. 52) is **GRANTED**;[2] and

---

[1] The plaintiff, Rafael Rodriguez, has brought claims of deliberate indifference to his medical needs in violation of the Eighth Amendment and professional negligence against PrimeCare Medical, Inc. and its employees ("the PrimeCare defendants"). As to the PrimeCare defendants, the court finds that numerous disputed issues of material fact remain, including whether the defendants knew that there was a risk that Rodriguez was suffering from appendicitis and disregarded that risk in failing to send him to a hospital prior to April 20, 2015. Accordingly, the court denies the PrimeCare defendants' motion for summary judgment.

[2] Rodriguez has also brought Eighth Amendment claims of deliberate indifference to his medical needs against Berks County, Janine Quigley, Jeffrey Douglas, and Christophor Vollmer ("the Berks County defendants"). The individual Berks County defendants are county employees working at the Berks County Jail, and are not medical personnel—during the relevant time period, Douglas was a lieutenant, Vollmer was a correctional officer, and Quigley was the jail's warden. Defs. Berks Cty., Janine Quigley, Christophor Vollmer and Jeffrey Douglas' Statement of Undisputed Material Facts in Supp. of Summ. J. ("Berks Cty. Facts") at ¶¶ 4-6, Doc. No. 53; Pl.'s Resp. to the Statement of Undisputed Material Facts in Supp. of the Berks Cty. Defs.' Mot. for Summ. J. ("Pl.'s Resp. to Berks Cty. Facts") at ¶¶ 4-6, Doc. No. 64-1.

   Prison authorities are liable for deliberate indifference to serious medical needs where they "deny reasonable requests for medical treatment . . . and such denial exposes the inmate to undue suffering or the threat of tangible residual injury," or "where knowledge of the need for medical care is accompanied by the . . . intentional refusal to provide that care." *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (internal quotations omitted). The undisputed facts demonstrate that Quigley had no direct interaction with Rodriguez during the relevant time period. Berks Cty. Facts at ¶¶ 128-32; Pl.'s Resp. to Berks Cty. Facts at ¶¶ 128-32. Nor did Douglas ever have any direct contact with Rodriguez—his only involvement in Rodriguez's medical care was approving his transfer to the medical unit, and reviewing a report from Vollmer about Rodriguez's refusal to take his medicine. Berks Cty. Facts at ¶¶ 122-26; Pl.'s Resp. to Berks Cty. Facts at ¶¶ 123-26. Rodriguez has failed to present any disputed issue of material fact related to the mental state of either Quigley or Douglas, and contrary to his contention, he may not hold them liable for an Eighth Amendment violation merely because they were "in charge and therefore responsible." Pl.'s Br. in Opp. to the Mot. for Summ. J. of the Berks Cty. Defs. at 13 (Pl.'s Opp. Br."), Doc. No. 64; *see also Barkes v. First Corr. Med., Inc*. 766 F.3d 307, 320 (3d Cir. 2014) ("Liability in such a situation is . . . imposed not vicariously but based on the supervisor's own misconduct, because to exhibit deliberate indifference to such a situation is a culpable mental state under the Eighth Amendment.").

   As to Vollmer, the evidentiary record demonstrates that Rodriguez asked him for medical attention, and that Vollmer called a nurse in response to his request. Rodriguez does not dispute these facts. Berks Cty. Facts at ¶¶ 75-76; Pl.'s Resp. to Berks Cty. Facts at ¶¶ 75-76. Vollmer also witnessed an interaction between Rodriguez and a nurse during which Rodriguez asked both the nurse and Vollmer to send him to the hospital. Berks Cty. Facts at ¶ 88; Pl.'s Resp. to Berks Cty. Facts at ¶ 88. Prison authorities, however, cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). Thus, Vollmer cannot be liable for failing to override a nurse's decision that Rodriguez did not need to go to the hospital.

   Rodriguez also attempts to hold Berks County liable for deliberate indifference for implementing a custom and practice whereby corrections officers disregard the jail's policies and procedures. Pl.'s Opp. Br. at 16. While a claim for "arbitrary and burdensome procedures that result in interminable delays and outright denials of medical care to suffering inmates" is generally viable under the Eighth Amendment, *see Monmouth Cty. Corr. Inst. Inmates*

3. Judgment is **ENTERED** in favor of the defendants, Berks County, Janine Quigley, Jeffrey Douglas, and Christophor Vollmer, on Counts I and III of the amended complaint (Doc. No. 20).

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

*v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (internal quotation marks omitted), Rodriguez has pointed to no evidence in the record suggesting that such custom or practice exists, or, if it did, that it caused the alleged constitutional violation. Again, each time Rodriguez asked a corrections officer to see a nurse, the corrections officer called a nurse in accordance with the jail's policies.

    Finally, Rodriguez contends that Berks County is liable for instituting a policy of not properly training and supervising its employees, Pl.'s Opp. Br. at 18, but has presented no evidence of any conscious decision to adopt such a policy. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 379 (1989) ("Only where a failure to train reflects a 'deliberate' or 'conscious' choice by the municipality can the failure be properly thought of as an actionable city 'policy.' *Monell* will not be satisfied by a mere allegation that a training program represents a policy for which the city is responsible."). Accordingly, the court must grant summary judgment in favor of the Berks County defendants.